UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| **SANDRA D. CLOOTEN,** | Civil No. 21- 5075 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **CRST MALONE, INC.**, an Alabama corporation, and **RANDY W. LAMBERTH**, | |
| Defendants. | |

Plaintiff, Sandra "Sandi" D. Clooten, for her cause of action against Defendants, CRST Malone, Inc. and Randy W. Lamberth, alleges as follows:

## INTRODUCTION

1. This action arises from injuries suffered by Clooten while riding her bicycle on the shoulder of U.S. Highway 85, south of Belle Fouche, South Dakota on April 21, 2020. She was struck by a piece of lumber protruding from Defendants' flatbed trailer owned by CRST Malone, Inc. ("CRST") and driven by Randy W. Lamberth ("Lamberth"), causing her permanent injuries and damages.

## PARTIES

2. Plaintiff, Sandi Clooten, now and at the time of the collision, is a resident of rural Belle Fourche, Butte County, South Dakota.

3. Defendant CRST Malone, Inc. is an Alabama corporation with its principal office in Birmingham, Alabama operating as an interstate trucking company.

4. According to the South Dakota Highway Patrol Investigation Report, Defendant Lamberth was at the time of the collision a resident of Conyers, Georgia.

1

5.   Upon information and belief, at all times relevant to this action, CRST leased a semi-tractor and flatbed trailer to Lamberth, who operated the semi-tractor and flatbed trailer as an agent of CRST. Lamberth was acting within the course and scope of his agency and authority granted by CRST at all times material.

## VENUE AND JURISDICTION

6.   This Court has jurisdiction over this civil action under the authority of 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

7.   Venue is also properly before this Court under the authority of 28 U.S.C. § 1391(b)(1), (2).

## GENERAL ALLEGATIONS

8.   On April 21, 2020, at about 8:00 a.m., Clooten was traveling by bicycle to work southbound on U.S. Highway 85 near mile marker 20 in rural Butte County, South Dakota.

9.   U.S. Highway 85 at this location consisted of two southbound lanes, and two northbound lanes.

10.   Clooten was riding in the righthand shoulder of the most westerly or righthand lane of traffic of the southbound lane, wearing reflective clothing, a bicycle helmet, and had a functioning and actively blinking LED light equipped to her bicycle seat which is visible from behind.

11.   At the same time, Lamberth, operating a semi-tractor and mostly empty flatbed trailer unit, believed to be owned by CRST, was also traveling southbound on U.S. Highway 85 near mile marker 20 south of Belle Fourche, South Dakota and operating mostly in the driving or righthand lane.

12. Upon information and belief, Lamberth's destination was Spearfish, South Dakota to pick up cargo.

13. Upon information and belief, and for several miles prior to approaching mile marker 20, Lamberth's flatbed trailer had several pieces of lumber that were unsecured and which protruded from the passenger or righthand side.

14. According to an eyewitness in the vehicle directly behind Lamberth at the time of the subject event, Lamberth was traveling at least 67 miles per hour when he came upon the section of U.S. Highway 85 that Clooten was riding near mile marker 20.

15. As Lamberth passed Clooten, who was legally riding her bicycle on the righthand shoulder of U.S. Highway 85, a portion of the lumber protruding from the Lamberth's flatbed trailer struck Clooten from behind. The force of this strike caused Clooten to be propelled from her bicycle.

16. According to the eyewitness, Lamberth did not sound his horn, maneuver, brake, or otherwise warn or try to avoid Clooten before, during, or after the collision.

17. Clooten was transported for emergency care and suffered permanent physical injuries and accrued other damages as a result of the collision with Lamberth's unsecured load.

## COUNT 1 – NEGLIGENCE

18. As the operator of a vehicle on a public highway, Lamberth has a duty to act in a manner prescribed by applicable law, consistent with "rules of the road" and safe driving practices.

19. Lamberth operated the semi-tractor and flatbed trailer carelessly, recklessly, and negligently. His recklessness and negligence consists of the following acts and omissions,

without limitation, that unnecessarily exposed the traveling public, specifically Clooten, to grave danger.

    a.    Failing to keep a proper and attentive lookout for persons in his path of travel including those on the shoulder of U.S. Highway 85.

    b.    Failing to stop his vehicle or reduce his speed when he saw, or should have seen, Clooten bicycling on the shoulder of U.S. Highway 85.

    c.    Failing to observe and check his load, as evidence by its extension over the edge of his trailer unit and onto the shoulder of U.S. Highway 85.

    d.    Failing to keep his cargo in the trailer unit secure. 49 C.F.R. § 393.100 states "[e]ach commercial motor vehicle must, when transporting cargo on public roads, be loaded and equipped, and the cargo secured, in accordance with this subpart to prevent the cargo from leaking, blowing, or falling from the motor vehicle."

    e.    Failing to secure the lumber with an appropriate securement system. 49 C.F.R. § 392.9(1) requires that a "commercial motor vehicle's cargo is properly distributed and adequately secured as specified in 393.100." See also, SDCL § 32-22-32.

    f.    Failing to sound his horn or warn Clooten that his vehicle was approaching.

    g.    Failing to exercise reasonable care to secure the cargo to prevent the load from dropping, falling, shifting, leaking, spilling, blowing or otherwise escaping from the vehicle, and striking and injuring Clooten.

    h.    Violating SDCL § 32-25-3 by operating his vehicle on U.S. Highway 85 at a speed greater than was reasonable and prudent under the conditions that existed at the time and place immediately prior to this incident and collision.

      i.      Violating SDCL § 32-24-8 by operating his vehicle on U.S. Highway 85 carelessly and without due caution, at a speed and in a manner so as to endanger other persons and property.

      j.      Violating SDCL § 32-24-1 by operating his vehicle on U.S. Highway 85 "[c]arelessly and heedlessly in disregard of the rights or safety of others, or without due caution and circumspection, and at a speed or in a manner so as to endanger or be likely to endanger any person or property. . . ."

      k.      Failing to ensure a six-foot minimum separation between the right side of his vehicle, including projections, and the left side of the Clooten's bicycle, in violation of SDCL § 32-26-26.1.

      l.      Violating SDCL § 32-34-3 by failing to stop his vehicle at the scene of his collision with Clooten.

20.    At all times relevant, Lamberth was an agent of the carrier and semi-tractor and trailer unit owned by CRST and was acting in the course and scope of his agency and authority.

21.    At the time of this collision, Lamberth and CRST had the authority and the duty to control the operation of the semi-tractor and trailer unit.

22.    The negligence of Lamberth was committed in the course and scope of the authority granted by CRST to Lamberth under the lease.

23.    As a proximate cause of the negligent acts and omissions of Lamberth, Clooten suffered bodily injury, medical expenses, endured physical pain, suffered lost wages and benefits, and other harms and losses.

**WHEREFORE**, Plaintiff, Sandi Clooten, prays for judgment against Defendants as follows:

1.	For all past and future general and special damages allowed under South Dakota law, together with prejudgment and post-judgment interest to the extent allowed by law, in a principal amount to be determined by a jury.

2.	For costs and disbursements as allowed under South Dakota law.

3.	For such other and further relief as the Court may determine to be just and equitable under the circumstances.

*PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES TO TRIABLE*

Dated this __1__ day of November, 2021.

                      **BARKER LAW FIRM, LLC**

By: /s/ Kenneth E. Barker
Kenneth E. Barker
Attorneys for Plaintiff
10956 SD Highway 34
PO Box 100
Belle Fourche, SD  57717
(605) 723-8000
kbarker@barkerlawfirm.com

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sandra A. Clooten

**(b)** County of Residence of First Listed Plaintiff: **Butte**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kenneth E. Barker, Barker Law Firm, LLC
PO Box 100, Belle Fourche, SD 57717; (605) 723-8000

## DEFENDANTS
CRST Malone, Inc. and Randy W. Lamberth

County of Residence of First Listed Defendant: **Jefferson**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. § 1332(a)(1) 28 U.S.C. § 1391(b)(1), (2)

Brief description of cause: Bicyclist hit by protruding boards from semi flatbed

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 11-1-21
SIGNATURE OF ATTORNEY OF RECORD: *Kenneth S. Barker*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____